UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

In re:                                                                                          No.l0-cv-02160-JCM-LRL

LANCE MITCHELL BOCOBO,                                          Bankruptcy Case: 09-25144-LBR

Debtor.

_____

ONEWEST BNK, FSB

Appellant,

vs

LANCE MITCHELL BOCOBO,

Appellee,

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
HONORABLE LINDA B. RIEGLE, JUDGE
_____

ORDER ON APPEAL

_____

/s/ Charles Todd Wright, Esq. SBN 10285
Piet & Wright, LLC
3130 South Rainbow Blvd., Suite 304
Las Vegas, NV 89146
702-566-1212
Attorney for Appellee, Lance Mitchell Bocobo

**ISSUE ON APPEAL**

This case presents the common question: If a Chapter 11 or Chapter 13 Debtor changes her principal residence after filing and before confirmation of the plan of reorganization, then what property, if any, is subject to the anti-modification language of 11 U.S.C. §1123(b)(5) and §1322(b)(2)? Is the determination of primary residence at the time of confirmation of the plan of reorganization, the time of filing of the petition, or is it at the time the loan originated?

**STANDARD OF REVIEW**

A bankruptcy court's conclusions of law are reviewed *de novo*. <u>Tully v. Taxel (In re Tully)</u>,202 B.R. 481, 483 (9th Cir. BAP 1996); <u>In re United States Trustee,</u> 32 F.3d 1370, 1372 (9th Cir.1994).

**DISCUSSION**

**I.**

The facts are undisputed. The Debtor filed the Chapter 13 petition on August 18, 2009. On March 5, 2010, the Motion to Convert to Chapter 11 was filed by Bocobo. On May 17, 2010 the Court entered the Order converting the case. On May 19, 2010, Bocobo filed his Motion to Value Collateral "Strip Off" and "Cram Down", this Motion was ultimately granted by the court, after a series of continuances, on October 27, 2010, and the Order of the Bankruptcy Court was signed and uploaded on December 2, 2010.

Upon the filing of the Chapter 13 Bocobo was anticipating a drastic reduction in his employment capacity and earnings. He later found that the reduction would not come to fruition. This prompted the Change from Chapter 13 to Chapter 11. Bocobo abandoned the subject property in anticipation of foreclosure prior to the conversion to Chapter 11 but after the filing of the original Chapter 13 Bankruptcy petition.

**II.**

Sections 1322(b) and 1123(b) thus refer to what "is" the Debtor's principal residence, that is at the time the statute is relative and operative. *Id.* As Sections 1322

and 1123 talk about plan contents, the relevant time would appear to be connected to the plan of reorganization in either Chapter 11 or Chapter 13 cases. *Id.*

The relevant sections of 1123 and 1322 talk about the modification of all secured claims *in a plan*, at the time *of a plan:* If Congress had intended to stigmatize residential loans there are other ways it could have worded the paragraph. A leading treatise points out that:

> typically the plan must pay the present value of the lienholder's allowed secured claim at the time of confirmation. (Lundin & Brown §107.1 para. 10) Further, the majority of courts reporting decisions fix the value of the collateral at "a date later than the filing of the petiton. Many having set that date at the confirmation. (Lundin & Brown supra para 6).

Additionally, The Bankruptcy Appellate Panel requires a court to consider "the financial realities existing at the time of confirmation" when determining the reasonableness of expenses of the debtor. All of these factors are supportive of a varied time for determination of primary residence in accordance with factual variations and principles of equity that are well within the prevue of the Bankruptcy Courts decisions.

### CONCLUSION

This court can imagine many factual situations that would allow the determination of the primary residence to be made at a variety of times, including the three possibilities presented in the instant case. The Bankruptcy court did not err in ordering the relief granted.

The Order of the Bankruptcy Court is **AFFIRMED**.

DATED this 8th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE